ERVIN, J.
Dorothy Jackson appeals from an order of the State Retirement Commission dismissing her reapplication for permanent and total disability retirement benefits for the reason that it was barred by the doctrine of res judicata, and denying her motion for reconsideration. She raises two issues: (1) that the Commission erred in applying res judicata to her reapplication, and (2) that the order was improperly entered by the Commission chair’s desig-nee, rather than the full Commission. We reverse and remand on the second issue, and thus do not reach the first.
After the Division of Retirement denied Jackson’s second application for benefits, she sought a formal hearing before the Commission pursuant to section 120.57(1), Florida Statutes (2001). The Division moved to dismiss the case, arguing, among other things, that res judicata barred the proceeding. It appears from the record that the vice-chair of the Commission, acting on behalf of the chair, orally granted the motion, and when Jackson filed a motion for reconsideration, the vice-chair entered a written order articulating the reasons for dismissal and denying the motion for reconsideration. This was error, because a panel of the Commission, rather than the vice-chair alone, should have determined the Division’s motions.
Section 121.23(2), Florida Statutes (2001), authorizes the Commission to hear appeals “on the merits of any written adverse decision of the administrator” of the retirement system. Section 121.24(1), Florida Statutes (2001), provides:
(a) For purposes of hearing appeals under s. 121.23, the commission may meet in panels consisting of not fewer than three members. For all other purposes, a quorum shall consist of four members. The concurring vote of a majority of the members present shall be required to reach a decision, issue orders, and conduct the business of the commission.
(b) The commission shall elect a chair and such other officers as it deems necessary. The chair or the chair’s desig-nee shall conduct the meetings and hearings of the commission and shall take whatever action is necessary to ensure that the business of the commission is conducted in an equitable, orderly, and expeditious manner. All parties shall abide by the decisions of the chair or the chair’s designee, unless he or she is *283 overruled by a majority of members present.
(Emphasis added.)
Because the proceeding below was Jackson’s appeal of the administrator’s adverse decision, a panel of the Commission should have decided the Division’s motion to dismiss. The Division contends that subpara-graph (b) authorized the vice-chair, as the chair’s designee, to act on the motion. We disagree. The plain language of subpara-graph (a) permits decisions and orders disposing of appeals to be issued only by panels of not fewer than three members, whereas subparagraph (b) is addressed to the efficient conduct of meetings and hearings.
The order is REVERSED and REMANDED with directions to the Commission to have a three-member panel decide the Division’s motion to dismiss and related motions. This moots Jackson’s challenge to the vice-chair’s denial of her motion for reconsideration.
POLSTON, J., concurs.
BENTON, J., concurs in judgment with opinion.